BALDWIN *vs.* SALTER.

In a suit by the vendor to compel the specific performance of a contract for the purchase of land, a performance may be decreed if the complainant is able to make a perfect title to the premises at the hearing.

But where the complainant asks for an injunction to restrain the defendant from parting with the property which was to be transferred in payment of the complainant's land, or for a receiver of such property, he must show that he is in a situation to fulfil the contract; and it is not sufficient to show that he may possibly be able to perform the contract at the hearing of the cause, but he must show a present ability to perform it; where the defendant has a right to require an immediate performance of the agreement.

Where a party voluntarily abandons an agreement in writing, for the sale or exchange of lands, with the assent of the other party, because he is not in a situation to perform the same, it seems he cannot afterwards demand a specific performance; although such abandonment of the agreement was by parol merely.

THIS was an appeal from a decision of the vice chancel- August 4. lor of the first circuit, denying a motion for a dissolution of an injunction. The bill was filed for the specific performance of a contract for the sale, to the complainant, of certain lands in the city of New-York, for which the defendant was to receive from him, in exchange, certain lands in the state of Illinois. At the time the agreement was to be carried into effect, the complainant was unable to give a good title to the lands in Illinois, by reason of the existence of an incumbrance thereon which he did not disclose to the defendant at the time of making the contract. And there were also, as the defendant alleged, some other defects in the title. The vice chancellor held, that as it did not distinctly appear from the bill and answer that the complainant might not, at the hearing, be able to make a good title to the Illinois lands, it was proper to retain the injunction, restraining the defendant from receiving the rents and profits of the lands, in New-York, which he was to convey to the complainant; and to appoint a receiver of such rents and profits. He, therefore, denied the defendant's

application to dissolve the injunction, upon the bill and answer.

*W. Mulock*, for the appellant.

*D. A. Baldwin*, respondent, in person.

THE CHANCELLOR. It is a general rule, that a specific performance of an agreement may be decreed if the complainant is in a situation to perform on his part, and make a good title, when the cause comes before a court for a decree. But even if this case comes within that rule, so that the court would compel the defendant to take the Illinois lands if the complainant is able to make a perfect title at the time he asks for a decree, (which is certainly a matter of great doubt upon the facts disclosed in the defendant's answer,) I think the vice chancellor erred in applying that rule to a motion to dissolve the injunction. Where a party applies for an injunction, or a ne exeat, or for a receiver to dispossess the defendant of the possession or control of his property, it is not sufficient for the complainant to show that he may hereafter be in a situation to ask for a specific performance of the contract; but he must show a present right.

In the case referred to by Mr. Dickens, in a note, (2 *Dicken's Rep.* 497,) Lord Thurlow is said to have denied an application for a ne exeat, against a purchaser, who was going abroad, because it did not appear by the bill that the complainant was then in a situation to make a good title to the lands purchased by the defendant. And in the subsequent case of *Morris* v. *McNeil*, (2 *Russ. Rep.* 604,) Lord Eldon discharged a ne exeat upon that ground alone. He there says, "unless the court can make it out to be quite clear that there must be a specific performance, it cannot grant the writ." That principle is equally applicable to this case; where the complainant asks for an injunction to restrain the defendant from receiving the rents and profits of his own property, when he is not himself in a situa-

tion to give a perfect title to the lands which he was to convey to the defendant, in exchange for the lots in New-York. The proper course for the complainant, if he expects to be in a situation hereafter to make a good title, and to have a decree for a specific performance, is to extinguish the mortgage of $2000 upon the Illinois lands, and tender a perfect title to those lands to the defendant; so as to entitle himself, in equity, to the rents and profits of the New-York lands, which were to be received in exchange therefor.

If the allegation of the defendant in his answer is true, however, that the complainant voluntarily abandoned the agreement, when he found that he could not complete it on his part, it is doubtful, at least, whether any court of equity will allow him to set it up again ; for the purpose of claiming a specific performance thereof after the whole object of the defendant in entering into the original agreement has been defeated.

The order appealed from must be reversed, with costs, and the injunction must be dissolved.