ROBERT S. CARSWELL *vs.* CATHERINE WALSH, and others.

*Contract—Specific performance—Action at Law.*

Appellant made a lease of a lot of ground for ninety-nine years, renewable forever, reserving an annual rent of $80. The lessees gave him a mortgage on their leasehold interest to secure the payment of $500. Subsequently the leasehold, by assignment came into the possession of the appellees, subject to said mortgage and ground rent. The appellant made an agreement to purchase lumber from the appellees, and to pay for it by releasing the mortgage, and also surrendering one of the two ground rents, both parties then erroneously believing that the appellant held two ground rents, each of $40, on the property. After the delivery of a large quantity of lumber, it was discovered that the appellant held only one ground rent which was for $80. Thereupon it was agreed between the parties that the old lease should be surrendered, and the mortgage on the leasehold interest released, and that new leases should be executed, reserving two rents of $40 each, and new mortgages given on the newly created leasehold estates, the appellant agreeing to pay the costs of drawing, acknowledging, and recording the necessary papers. This he subsequently failed to do. HELD:

That the appellees had a right to bring their action at law against the appellant, to recover the value of the lumber delivered under the agreement.

The appellant having failed to comply with his part of the contract by refusing to pay the costs of preparing and recording the papers, was not in a position to demand a specific performance of the agreement.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

Carswell *vs.* Walsh.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and Mc-SHERRY, J.

*C. Dodd McFarland*, for the appellant.

*Richard Bernard*, for the appellees.

YELLOTT, J., delivered the opinion of the Court.

The appellant made a lease of a lot of ground for ninety-nine years renewable forever, reserving an annual rent of eighty dollars. The lessees gave him a mortgage on their leasehold interest in the estate, to secure the payment of five hundred dollars. Subsequently to these transactions, the leasehold, by assignment, came into the possession of the appellees, subject to said mortgage and ground rent. Some time after this assignment had been made, the appellant offered to buy lumber from the appellees, and pay for the same by releasing the mortgage, and also surrendering to them one of the two ground rents which he supposed were on the property. This proposal was agreed to by the appellees, both parties then entertaining the erroneous belief that the appellant held two ground rents, each of $40, on the property. After a large quantity of lumber had been delivered, it was discovered that the appellant only held one ground rent on the property, which was for eighty dollars.

To remove the difficulty thus encountered, and enable the appellant to comply with the terms of his contract, it was agreed between the parties that the old lease should be surrendered and the mortgage on the leasehold interest released, and that new leases should be created, reserving two rents of forty dollars each, and new mortgages given on the newly created leasehold estates. The appellant agreed to pay the cost of draw-

ing, acknowledging, and recording the necessary papers. The papers were prepared, but, the appellant refusing to comply with his agreement to pay the cost, the arrangement entirely failed.

The appellees having performed their part of the contract by delivering the lumber, and the appellant being unable to perform specifically his part of the agreement, and being unwilling to pay for the lumber in money, a suit was instituted by the appellees to enforce payment. The appellant then filed a bill praying for a specific performance of the contract, and also asking the Court to enjoin and prohibit the further prosecution of the action brought against him by the appellees in a Court of law. An injunction was issued, which was afterwards dissolved, and the bill dismissed. From the decree of the Court below dissolving the injunction and dismissing the bill, this appeal has been taken.

There was no error in dissolving the injunction. The failure of the appellant to comply with his part of the contract, by paying the costs of the papers, left the appellees no remedy except that afforded by an action in a Court of law. They had sold and delivered to the appellant a large quantity of lumber. He could not pay them in the manner proposed. His refusal to pay the costs as agreed upon, had rendered this impossible. This arrangement having failed, the appellees, in order to obtain payment, were driven to their action at law. It is manifest that a perpetual injunction would have been tantamount to a denial of justice. There is no reason why the doors of a Court of law should be closed against these appellees. They have precisely the same rights which all creditors have to enforce payment of debts due them. The dissolution of the injunction was therefore properly decreed.

Nor did the Court below err in dismissing the bill. The appellant asked for a specific performance of the contract. It is difficult to perceive what the appellees had to perform beyond what they had already performed by delivering the lumber in conformity with the terms of the contract. But undoubtedly it is an established principle that when a man comes into a Court of equity and asks for a specific performance, he must make it appear that he is able and willing to perform his part of a contract imposing mutual obligations. This contract is not unilateral. Something is to be performed by each party. Unless the appellant is ready and willing to perform his part, he cannot ask the Court to decree a performance by the appellees. *Baldwin vs. Salter,* 8 *Paige,* 473; *Losee vs. Morey,* 57 *Barb.,* 566; *Bronson & Ward vs. Cahill,* 4 *McLean,* 21.

In the case of *Semmes vs. Worthington,* 38 *Md.,* 318, this Court has said that "in all cases for specific performance, the contract must be accurately stated in the bill, and the proof must in every essential particular correspond with the terms of the contract thus set up." This record shows no such correspondence between the averments of the bill and the proof in the cause. The appellant avers that he is ready and willing to execute to the appellees a deed converting a leasehold estate into a fee simple, while the proof shows that he is unable to do so, and that, by refusing to pay for the preparation and recording of the necessary papers, he has declined to put himself in a position to perform specifically his part of the contract. There are other apparent discrepancies between the averments in the bill and the evidence in the cause, and the appellant having pleaded in the action at law, a Court of equity ought not, as the case is presented in the record, to withdraw the matters involved in controversy from the

determination of a Court of law. The decree of the Court below should therefore be affirmed.

*Decree affirmed,*
*with costs to appellees.*

(Decided 27th March, 1889.)