# JOSEPH H. BAMBERGER et al. vs. JOSEPH H. JOHNSON.

### Specific Performance—Discretion of the Court.

A party who asks a Court of Equity to decree the specific performance of a contract must show that he has fully performed all that the contract required to be performed on his part.

The principle that the specific performance of contracts is not a matter of right, but rests within the discretion of the Court, does not mean that the Court may arbitrarily direct one contract to be performed and refuse the relief in the case of another, but it means that the Court takes into consideration the conduct of the plaintiff and all the circumstances of the case, and the mere fact that a valid contract exists is not conclusive in plaintiff's favor.

A lease from defendant to plaintiff of certain property provided for the payment of rent at fixed periods and contained covenants for other things to be done by the plaintiff. Plaintiff entered into possession and subsequently filed a bill asking that defendant be decreed to complete the lease by acknowledging the same before a magistrate, so that it might be recorded. The evidence showed that plaintiff had failed to pay the rent and had violated other covenants in the lease. *Held*, that under these circumstances he was not entitled to the relief asked for.

Appeal from a decree of the Circuit Court for Dorchester County (LLOYD. J.), dismissing the bill of complaint.

The cause was submitted to the Court on briefs by *Clement Sullivane* for the appellants, and *Sewell T. Milbourne* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

On the 2nd of April, 1894, the appellants entered into an agreement in writing with the appellee to lease for the term of ten years, beginning on the first of April, in the year 1894, and ending on the first of April, in the year 1904, a lot of ground belonging to the appellee, situate in the town of Cambridge, in Dorchester County, for an

annual rent of $30.00 to be paid in equal semi-annual instal-
ments of $15.00 on the first day of January and the first
day of July of each and every year during the continuance
of said lease ; the appellants to have the privilege of pur-
chasing said lot at any time during said term upon payment
to the appellee of the sum of four hundred dollars for the
same, provided that all rent due the appellee under the terms
of said lease, at the time of such purchase, shall be paid in
full ; said lease also contains a covenant that the appellants
will promptly pay said rent as hereinbefore stated, and that if
at any time during said term, any one payment shall remain
in arrears and be unpaid for the period of six months after
it is due, the said lease shall be void and of no effect, and
the appellee may enter and resume full possession thereof,
with the right to distrain or otherwise collect all rent due
and unpaid; the appellants further covenant to keep the
property in good repair and not to haul or allow to be
hauled sand or anything else that may cause the shore to
wash, unless they shall wall the shore with stones or logs.
These are substantially the facts to be found in the contract
of lease, which constitute the ground of this controversy.
On the 5th of August, 1896, the appellants filed their bill
in the Court below asking the passage of a decree to com-
pel the appellee to complete said lease by acknowledging
the same, or a similar paper, before a Justice of the Peace of
said county, together with the appellants, in order that they
might have the same recorded and thus protect themselves
against any fraudulent conveyance of said property to an
innocent purchaser, as well as be protected against any
attempt at law, on the part of the appellee, to dispossess them
of, and praying for general relief.  The appellee on the 19th
of September, 1896, answered said bill, admitting the execu-
tion of and the covenants contained in said lease, which is
exhibited with their bill as part thereof; but denying gen-
erally the other facts set out in said bill, and especially and
particularly the charge in said bill alleging fraud in the
execution of said lease, or in the failure to acknowledge the

same according to law, and charging the appellant with failure to pay the rent and taxes and to observe the several covenants as set out in said lease and denying the waiver of forfeiture for the non-payment of the rent which became due under said lease on the 18th day of January, 1896, and was not paid within the six months thereafter, when, on the 16th of July, 1896, the appellee notified the appellants to quit the property and deliver possession of the same. The appellee further says the appellants have entirely failed to observe their covenant that they would keep the property in good repair, and that, in direct violation of their said contract, they have constantly hauled sand from the shore, without walling it with stones or logs, to protect it from washing. The only testimony in the record is given by John W. Bamberger, one of the appellants, and Joseph H. Johnson, the appellee, each of whom testifies in his own behalf and upon his own offer.

The bill in this case is in the nature of a bill for specific performance. Yet the effort here is primarily to compel the appellee to formally acknowledge the lease that the same may be recorded and then to compel its specific performance. There is, however, nothing in the lease itself or in the proof offered tending to support such a demand, or which would justify a Court of Equity in lending its aid to accomplish. The appellants filed with their bill the original lease or contract and it is offered as part of the testimony of the appellant who testifies in the cause, and is found to be such a paper as hereinbefore described, without formal acknowledgment and simply signed and sealed by the parties to the controversy and then delivered to the appellants. It is not necessary that we should enter into the consideration and determination of all the questions which are sought to be made upon this appeal. There are certain propositions of law relating to specific performance which this Court has had repeated occasion to pass upon, so that a mere reference to some of the decided cases will be sufficient.

Does this application for relief present a meritorious case?

It is addressed to the sound discretion of the Court, to be granted or refused according to its circumstances; it does not flow as a matter of right.   " The meaning of this proposition is not that the Court may arbitrarily or capriciously perform one contract and refuse to perform another; but that the Court has regard to the conduct of the plaintiff and to circumstances outside the contract itself, and that the mere fact of the existence of a valid contract is not conclusive in the plaintiff's favor."   *Fry, Spec. Perf.* sec. 44; *Pomeroy, Spec. Perf.* secs. 35–46.   Whilst the application is addressed, not to the arbitrary will of the Court, but to its sound and reasonable discretion, yet when a party seeks the execution of a contract he must be able to show that he has fully, not partially, performed everything required to be done on his part.   *O'Brien* v. *Pentz*, 48 Md. 577–578; *Mills* v. *Matthews*, 7 Md. 324; *Small* v. *Owings*, 1 Md. Ch. 371; *Alexander* v. *Ghiselin*, 5 Gill, 138.   In *Oliver* v. *Palmer*, 11 G. & J. 446, it was held by the Court to be " one of the oldest and soundest principles of equity, that he who goes into a Court of Chancery invoking its interposition in his behalf, must allege in his bill that he has done, or has offered to do, or is ready and willing to do, all that on his part is necessary to entitle him to the relief which he seeks, or he must set forth adequate reasons why he should be excused from doing so."

By the express terms of the lease, the appellants have covenanted that they will pay to the appellee the sum of thirty dollars annually in equal semi-annual instalments on the days named in said lease.   This they have not done; they further covenanted to keep the property in good repair, the proof shows that they have failed to keep this part of their contract; and again, they have covenanted that they would not haul or allow to be hauled sand or anything else that might cause the shore to wash, unless they walled the shore with stone or logs; this requirement they have failed to observe.   It is true the appellant, whose testimony is found in the record, seeks to place a different construction

upon this provision of the lease by saying, "We declined to sign the lease without Mr. Johnson permitted sand to be hauled. He then agreed that if we would log or stone the shore we would be permitted to use or haul the sand. We agreed to log the shore, but not all at one time." Neither the lease itself nor the oral proof in the record sustain this contention, for the lease expressly provides that sand shall not be hauled unless the shore be walled with stone or logs. The lease in this respect is so entirely clear and explicit as to leave no doubt as to its meaning. The state of case which this record presents is that of a party to a contract who has failed to observe not only part but all of its provisions, and yet considers himself justified in applying to a Court of Equity for the specific performance of such contract. To grant the relief asked would be to violate and ignore the plainest principles which lie at the very foundation of the jurisdiction of a Court of Equity. He who seeks equity should at least exhibit some disposition to do equity. As to the questions of forfeiture for non-payment of the rent and the waiver of the same, we have found nothing in the proof to justify the inference that the appellee has by his conduct waived the forfeiture of the lease. In the determination of this controversy it is not necessary that we should decide questions which are not properly before us, and for the reasons given, we are of opinion that the appellants have no meritorious standing in a Court of Equity. We must therefore affirm the decree below.

*Decree affirmed with costs.*

(Decided June 22nd, 1897).