1810.

Lessee of
Cox
v.
CROMWELL.

---

The COMMONWEALTH *against* CREVOR.

*Chambersburg,*
*Wednesday,*
October 3.

THIS was an appeal from the decision of *Brackenridge* J. at a Circuit Court for *Cumberland*, in *May* 1809, upon a case, which stated as follows:

*Jacob Crevor* the defendant, high sheriff of *Cumberland* county, by virtue of process from the comptroller general's office, levied on the real and personal property of *Alexander M'Keehan*, then treasurer of *Cumberland* county, and on the 6th and 7th of *January* 1797, sold the same to the highest and best bidder. On this process *Alexander M'Keehan* was in custody and discharged by the comptroller general. The money arising out of these sales after certain deductions, amounted to 1736 dollars and 40 cents. A question having been raised, whether *James Carothers* and *George M'Keehan* were intitled to this money, or the commonwealth, a written

An agreement was made between two contending claimants for money in the sheriff's hands, that the sheriff should deposit the amount in bank until the question should be decided. The sheriff deposited it, but took it out again soon after. *Held*, that the sheriff was bound to pay interest to the successful party, from the time the money was thus taken out of bank.

agreement, dated 23d *March* 1799, was therefore entered into between *Jared Ingersoll* and *Thomas Duncan*, which was in these words: " It is agreed by *Jared Ingersoll* on behalf " of the commonwealth, and *Thomas Duncan* counsel for " *James Carothers* and *George M'Keehan*, claiming the " moneys arising from these sales, that *Jacob Crevor* shall " deposit in his own name in the bank of *Pennsylvania* the " proceeds thereof as stated in this account, except the " judgment bond of *James Blaine*, for the sum of —— dol- " lars, which it is agreed *shall remain until the court deter-* " *mine between the claimants, and the moneys deposited in the* " *bank shall remain likewise subject to the decision of the* " *court on a case stated, or otherwise as may be agreed on.*" This question was decided in favour of the commonwealth, and a demand made upon *Crevor* in *March* 1805, and not before. *Jacob Crevor* did deposit the above money in the bank of *Pennsylvania* on the 23d *March* 1799, but except a balance of 146 dollars and 50 cents, it was taken out by him in *March*, *July*, and *August* 1799, *December* 1801, and *No-vember* 1802, and the balance was taken out in 1807.

The question for the Circuit Court was whether the commonwealth was intitled to interest upon the moneys thus deposited by *Crevor*, and if so, from what period.

After argument his honour was of opinion that the commonwealth was intitled to interest upon the respective items from the time they were taken from the bank, the presumption being that the sheriff made use of the money. And from this decision the defendant appealed.

*Duncan* for the defendant said, it did not appear that the sheriff had not the money ready when he was bound to pay it, nor that he had made use of it; but if this were the case, still the question would be, whether when the principal is not demandable, interest accrues; and here the commonwealth consented not to demand the principal until the contest with *Carothers* and *M'Keehan* should be settled. She in fact suffered no damage, for she had agreed that the money should lie idle during the pendency of the dispute; and therefore the principle upon which interest is usually adjudged, does not apply. There has been no delay of payment, no refusal upon demand, no loss to the party claiming interest.

*Gibson* and *Watts* for the commonwealth answered, that the agreement, upon which alone a distinction could be attempted, was to be put out of view, because it had not been complied with. The commonwealth was willing to lose the use of the money, in order to get a complete security for it, and to receive it promptly when her right should be decided; but the defendant violated his agreement, and therefore he shall derive no benefit from it. If money is received by one for another, and retained without the consent of the owner, it carries interest. It is the same as money lent. *Rapelje* v. *Emory* (a), *Crawford* v. *Willing* (b), *Walker* v. *Smith* (c). This was precisely the defendant's case. There could however be no doubt, that *Crevor* had used the money. It was a violent presumption from his taking it out of bank.

TILGHMAN C. J. delivered judgment.

The defendant's argument is founded on a fallacy. He contends that interest should not be paid, because the commonwealth has suffered no damage; and to prove that no damage has been sustained, he relies on the agreement, that the money should be deposited in bank until it was decided whether the commonwealth was intitled to the principal. But the truth is, that the commonwealth has suffered damage by nonpayment of the money, to which it was intitled, and which was in the hands of the defendant; and the defendant does not pretend that interest would not have been recoverable, if the agreement was out of the question. But the defendant has broken the agreement; and it would be extraordinary indeed, if his case should be strengthened thereby. It is considered as settled that interest shall be recovered against a man, who receives the money of another, and holds it against his consent. Now in this case, the defendant has withheld and no doubt made use of the money of the commonwealth, not only against the consent of the attorney general, but in direct violation of his agreement to leave it in bank. He has destroyed the security which he agreed to give, thereby depriving the commonwealth of all benefit of the agreement, yet insists that he himself is to take advantage of it. This is con-

(a) 1 *Dall.* 349.     (b) 4 *Dall.* 286.     (c) 4 *Dall.* 389.

1810.

COMMON-
WEALTH
v.
CREVOR.

trary to all ideas of justice. The commonwealth has the same right to interest, as if the agreement had never been made. The judgment of the Circuit Court must therefore be affirmed.

Judgment affirmed.