[ PHILADELPHIA, APRIL 13TH, 1840. ]

## MILLER and Another *against* THE BANK OF ORLEANS.

### IN ERROR.

A bill of exchange payable six months after date, was accepted by the defendants payable at the Bank of North America. The bill became due according to its tenor on the 31st of August, 1837, but was not presented at the Bank of North America for payment at that time, and the defendants did not know in whose possession it then was. On the 31st of August, 1837, the defendants had in the Bank of North America money for payment of the bill, and kept the same there until the 1st of February, 1838, when they drew it out and used it for the general purposes of their business. The bill was presented {at the bank for payment on the 3d of July; 1839. *Held*, that the defendants were liable for interest on the bill, from the 1st of February, 1838, when they withdrew the money from the bank.

ERROR to the District Court for the City and County of Philadelphia.

This was an action of assumpsit brought by the Bank of Orleans against       Miller and Philip Green, partners, under the firm of Miller & Green, in which a case was stated for the opinion of the Court, to be considered as a special verdict, as follows:

" This action is brought upon a bill of exchange for one thousand and fourteen dollars seventy cents, drawn in New Orleans, dated February 28th, 1837, payable six months after date, and accepted by the defendants, (Miller & Green,) ' payable at the Bank of North America in Philadelphia.' The bill became due according to its tenor, on the 31st day of August, 1837, but was not presented at the Bank of North America for payment at that time, nor did the defendants know in whose possession it then was. On the 3d of July, 1839, the bill was presented at the Bank of North America for payment, but was not paid, and was protested for non-payment; application having been made some days previous, to the defendants at their counting-house, and notice given of the intention to present the bill for payment. On the 31st of August, 1837, when the bill was payable according to its tenor, the defendants had in the Bank of North America, money for the payment thereof; and had kept

(Miller *v.* Bank of Orleans.)

the same there until the first of February, 1838, when they drew it out of bank and used it for the common purposes of their business.

Judgment was entered for the plaintiffs below for want of a sufficient affidavit of defence, on the 7th of September, 1839. The question for the Court is, whether under the circumstances, the defendants are liable for interest from the first of February, 1838, when they withdrew the money from bank, or only from the 3rd of July, 1839, when the bill was protested for non-payment.

If the defendants are liable for interest from the 1st of February, 1838, then judgment to be (on the 8th of September, 1839,) for one thousand one hundred and thirteen dollars thirty-seven cents; otherwise judgment to be for one thousand and twenty-six dollars seventy-one cents.

The above statement to be considered in the nature of a special verdict, and subject to a writ of error by either party."

On the 26th of October, 1839, the District Court ordered judgment to be entered for the plaintiffs for one thousand one hundred and thirteen dollars thirty-seven cents, with interest from the 7th of September, 1839; upon which the defendants took a writ of error and filed the following specifications.

" 1. The Court erred in entering judgment in favour of the plaintiffs below for the sum of one thousand one hundred and thirteen dollars thirty-seven cents, thereby calculating interest on the bill of exchange from the time the funds of the defendants below were used by them generally.

2. The Court erred in not entering judgment (on the 7th of September, 1839,) for the sum of one thousand and twenty-six dollars seventy-one cents, thereby calculating interest on the bill of exchange from the time that demand was made for payment at the Bank of North America."

Mr. *Emlen,* for the plaintiffs in error, cited *Rowe* v. *Young,* (2 *Brod. & Bingh.* 165 ; S. C. 6 *Eng. Com. Law Rep.* 53.) · *Wallace* v. *M'Connell,* (13 *Peters,* 136.) *Sebag* v. *Abitbol,* (4 *Maule & Selw.* 462.) 3 *Campbell,* 296. *Henry* v. *Risk,* (1 *Dall.* 267.) *Obermyer* v. *Nichols,* (6 *Binn.* 162.) *Brown* v. *Campbell,* (1 *Serg. & Rawle,* 176.) *King* v. *Diehl,* (9 *Serg. & Rawle,* 409.) *Stevenson's Accounts,* (7 *Watts,* 480.)

Mr. *Bayard,* for the defendants in error, cited *Robinson* v. *Bland,* (2 *Burr.* 1086.) *Bainbridge* v. *Wilcock,* (1 *Baldwin,* 538.) *Jacob* v. *Adams,* (1 *Dall.* 52.) *Buck* v. *Fisher,* (4 *Wharton,* 516.) *Clark* v. *Barlow,* (4 *Johns. Rep.* 183.) *Chitty on Bills,* 664. *Bayley on Bills,* 252. *Caldwell* v. *Cassidy,* (8 *Cowen,* 271.) *Borre* v. *Duvall,* (1 *Gill & Johns.* 175.) *Ruggles* v. *Natten,* (8 *Mass. Rep.* 480.)

*Haxten* v. *Bishop,* (3 *Wendell,* 21.)　　*Foden* v. *Sharp,* (4 *Johns. Rep.* 184.)

PER CURIAM.—While the defendant kept funds in the bank to meet the particular demand, he prevented interest, the deposit being equivalent to a tender.　But when it was withdrawn and used by him, a case arose which very much resembles the *Commonwealth* v. *Crevor,* (3 *Binney,* 121,) in which a sheriff who had deposited money in contest, pursuant to an agreement betwixt the claimants, but had subsequently withdrawn and used it, was held liable to the successful party for interest from the time it was taken out of bank. Even tendered money, subsequently used, bears interest; for a plea of tender without 'always ready,' and a profert of the money in Court, is bad.　It is a rule, with scarce an exception, that he who has derived a benefit from the use of another's money, shall pay for it; and such seems to be the principle of *Fasholt* v. *Reed,* (16 *Serg. & Rawle,* 266.)

　　　　　　　　　　　　　　　　　　Judgment affirmed.