## TOMPKINS *vs.* TOMPKINS.

The time specified for the payment of a mortgage may be extended by parol.

---

This cause was considered upon the pleadings and proofs handed to the court, without argument or brief from counsel for either party.

THE CHANCELLOR.

The bill is filed to foreclose two mortgages held by the complainant, both of which upon their face were then forfeited by the non-payment of interest, although the principal had not become due upon either. The defendant, in his answer, sets up a parol agreement entered into by the complainant, that if the defendant would lease the premises to M. and E. Stewart, by a lease binding them to repair the premises, and pay the interest on the mortgages, and the insurance on the building from October, 1867, until April,

1878, the term of the lease, he would delay enforcing payment of interest and insurance until June, 1868; that he did make such lease with such covenants; that the lessees began to make the repairs stipulated for, and expended several hundred dollars in such repairs; and that the complainant before the repairs were completed, and before June, 1868, and on the 26th day of January, 1868, commenced this suit to foreclose.

This agreement and the fulfillment of it is substantially proven as alleged in the answer. The lease was made, and M. and E. Stewart immediately proceeded with the repairs, and continued them until the latter part of November, when they suspended them on account of the cold weather.

Here is an agreement upon which the defendant and their lessees acted and expended money, and it is not equitable that the complainant should proceed with his foreclosure, and deprive them of the benefit of their performance. The agreement was by parol only, but it was beneficial to the complainant, and therefore on good consideration. The improvements on the premises had been washed away to a considerable extent by a storm, and in their situation they were a precarious security for his debt, and these repairs stipulated for, and in part made, would have made the security far better.

It is well settled that the time of performance of the stipulations of a sealed contract may be changed by parol. *Cox* v. *Bennet*, 1 *Green's R.* 171; *King* v. *Morford*, *Saxt.* 280; *Van Houten* v. *McCarty*, 3 *Green's Ch.* 141.

In the last case a parol agreement to extend the time for payment mentioned in the mortgage for five years, from 1837 to 1842, was declared effectual, and that the mortgage was, by reason of it, not due.

The bill in this case being filed before the extended time for the payment of interest had elapsed, must be dismissed.