JOHN W. SHARP

*v.*

MARTIN WYCKOFF et al.

1. An oral agreement to reduce the rate of interest on a mortgage from seven to six per cent., and to pay it semi-annually instead of annually, made after the mortgage became due, is valid.

2. A preliminary notice is not requisite to a tender of money on a past-due obligation.

Sharp v. Wyckoff.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. A. A. Clark,* for complainant.

*Mr. H. B. Herr,* for Mrs. Wyckoff.

THE CHANCELLOR.

The defence in this case is that on the 4th of April, 1884, before the bill was filed, and after the mortgage was due, Mrs. Wyckoff, the owner of the mortgaged premises, by Fisher Pidcock as her agent for the purpose, tendered the complainant the amount then due on the mortgage in payment thereof, and that the latter refused to accept the money. It is proved that the tender was duly made, and that it was refused by the complainant. After the refusal, and on the same day, the money was deposited in the Clinton bank, where it remained until the next day after the bill was filed, when it was drawn and tendered to the complainant, who again refused to accept it, and it was then immediately re-deposited in the same bank, where it remained until it was withdrawn therefrom to be paid into court in this cause. It was so paid into court. During all the time that it was deposited in bank, it drew no interest. On the day before the bill was filed, at about one P. M., the complainant's attorney called on Mrs. Wyckoff, at her house, and asked her whether " she was ready to pay off the mortgage." She replied that she would be so soon as she could get the money from the bank.

NOTE—In New Jersey, and in several other states, the same strictness and requirements in pleading a tender are as necessary in equity as at law, *Shields* v. *Lozear*, 7 *C. E. Gr. 447*, and cases therein cited ; also, *Cothran* v. *Scanlan*, *34 Ga. 555 ;* although a more lax rule prevails in some states, *Webster* v. *French, 11 Ill. 254 ; Board of Supervisors* v. *Henneberry, 41 Ill. 179 ; Binford* v. *Boardman, 44 Iowa 53 ; Breitenbach* v. *Turner, 18 Wis. 140 ; Whelan* v. *Reilley, 61 Mo. 565 ; Quin* v. *Brittain, 1 Hoffm. Ch. 353.*

Formerly, the rule was that a tender could not be made *after* the day of payment; *Day* v. *Lafferty, 4 Ark. 450 ; Huston* v. *Noble, 4 J. J. Marsh. 130.*

As to the effect on the lien of a mortgage of a tender, made after the day of payment, see *Shields* v. *Lozear, 5 Vr. 496 ; Crain* v. *McGoon, 86 Ill. 431 ; 18 Am. Law Reg. 178, 182, note.*

Notice of a tender after the day of payment is unnecessary, *Crain* v. *Mc-*

The bank was about eight or nine miles from her house. She was unable to get the money from the bank on that day, but got it the next day, and tendered it as before mentioned.

The amount tendered was the principal and the interest, at the rate of six per cent. per annum. By the terms of the bond, the interest was payable at the rate of seven per cent. It appears that about a year before the tender was made, the complainant agreed with Mrs. Wyckoff, orally, that the interest, which, according to the terms of the bond and mortgage, was payable yearly, at the rate of seven per cent. per annum, should thenceforward be payable at six per cent. only, but in half-yearly payments. Two half-yearly payments (up to the 1st of April, 1884) were made afterwards at the rate of six per cent. The money tendered was, as before stated, the amount of the principal, with the interest at that rate. The complainant's counsel insists that the amount tendered was insufficient, and that interest should have been computed at seven, instead of six per cent. He insists, also, that the evidence of the agreement (which was merely oral) to reduce the rate of interest, is not competent, because, as he argues, if allowed, it would vary the terms of the bond. The objection is not well taken. When the oral agreement was made, the bond was past due. By its terms the interest was payable yearly. In consideration of the payment of the interest half-yearly, the complainant agreed to reduce the rate to six per cent. This was a new agreement in substitution of the agreement in the bond. Parol testimony is admissible

---

*Goon, 86 Ill. 431, 434;* except in the case of a tender of a chattel, *England* v. *Witherspoon, 1 Hayw. 361.*

But a tender made at an unreasonable hour, without notice, is invalid, *Waldron* v. *Murphy, 40 Mich. 668;* or the debtor must be allowed a reasonable time thereafter to comply, *Cogan* v. *Cook, 22 Minn. 137.*

Merely having in a bank the money to meet an obligation, payable at that bank, is not sufficient, *Myers* v. *Byington, 34 Iowa 205; Caldwell* v. *Cassidy, 8 Cow. 271;* although the debtor must keep the money in the bank afterwards, *Com.* v. *Chevor. 3 Binn. 121; Miller* v. *Bank of Orleans, 5 Whart. 503.*

For cases illustrating the effect of the English rule that notice of tender after the day of payment is requisite, see *Day* v. *Day, 31 Beav. 270; Bartlett* v. *Franklin, 17 L. T. (N. S.) 100; Letts* v. *Hutchins, L. R. (13 Eq.) 176.*—R**D**P.

Sharp v. Wyckoff.

under such circumstances, to prove the new agreement. *2 Pars. on Cont. 66 ; Monroe* v. *Perkins, 9 Pick. 298.* It has been repeatedly held in this state that parol evidence is admissible to show that the time for payment of a bond was extended. *Tompkins* v. *Tompkins, 6 C. E. Gr. 338 ; Stryker* v. *Vanderveer, 1 Dutch. 482.*

When the tender was made the complainant made no objection to the amount tendered on the ground that the interest was not calculated at the rate of seven per cent. He does not deny that he made the agreement. Nor did he, at the time of the tender, make any objection on the ground of the insufficiency of the amount tendered.

The complainant also insists that the tender was ineffectual because it was made *post diem,* and no notice of intention to make it was given. The case of *Shotwell's Exrs.* v. *Denman, Coxe 174,* is cited as authority for this proposition. It was, indeed, said in that case that if tender be made after the day of payment it is not good unless the debtor has given reasonable notice of the time and place of making it. But that was a mere *dictum.* Such is not the law at this day. The necessity for notice, under the English law, in case of tender *post diem* of the money due upon a mortgage, rests entirely upon custom. Vice-Chancellor Shadwell, in *Browne* v. *Lockhart, 10 Sim. 420, 424.* The rule does not exist in this state.

There will be a decree for the complainant, but only for the amount paid into court, with the interest thereon allowed on the deposit, and he will be required to pay costs to Mrs. Wyckoff.