Van Syckel *v.* O'Hearn.

---

CHESTER VAN SYCKEL et al., executors of John C. Wene, deceased,

*v.*

PATRICK O'HEARN.

1. After a bond and mortgage have become due, a promise to extend the time of payment may be shown by parol.

2. The general rule is that such promise cannot be enforced, unless it appears that it was made upon sufficient consideration, yet where the action of the party to whom the promise was made was controlled by such promise and he took title to the real estate covered by the mortgage, relying upon such promise, a court of equity will apply the doctrine of estoppel and refuse its aid to the mortgagee when he attempts to foreclose his mortgage before the expiration of the period named.

On final hearing on pleadings and proofs.

*Mr. C. H. Van Syckel* and *Mr. H. Burdett Herr*, for the complainant.

*Mr. Martin Wyckoff*, for the defendant

BIRD, V. C.

The complainants in this case filed their bill to foreclose a mortgage which was held by the testator, in his lifetime, on lands in the bill described. The bond which the mortgage was given to secure had been due for many years. The bill was filed on the 25th day of November, 1891. In the month of March, 1891, the then owner of the premises entered into negotiations with Patrick O'Hearn, one of the defendants, for the sale to him of the said premises. O'Hearn was willing to purchase the premises, provided the testator, who was then living, would not require the payment of the mortgage which he then held for one year from the 1st of April then next ensuing. Both parties to the said negotiations requested Mr. Wyckoff, a counselor at law and intimately acquainted with the testator, to procure the consent of the testator that the time for payment of his mortgage should be extended for one year from the 1st of April, 1891. He did procure such consent. Thereupon the negotiations for the sale and purchase of the premises were carried through.

There being no doubt as to the amount of money actually due upon the bond which the mortgage was given to secure, the only question is whether the complainants had a right to commence their suit to foreclose said mortgage before the expiration of the one year from the 1st day of April, 1891. The complainants say that the obligation being in writing and under seal the time for the performance thereof cannot be enlarged by a parol agreement. I think all of the authorities, in this state at least, hold the time for performance of every such contract may be extended by parol. *Bigelow* v. *Rommelt, 9 C. E. Gr. 115; Tomkins* v. *Tomkins, 6 C. E. Gr. 338; Maryott* v. *Renton, 6 C. E. Gr. 381; Cox* v. *Bennett, 1 Gr. 165; Van Houten* v. *McCarty, 3 Gr. Ch. 148; Stryker* v. *Vanderbilt, 1 Dutch. 482; Bell* v. *Romaine, 3 Stew. Eq. 28; Sharp* v. *Wyckoff, 12 Stew. Eq. 376; Measurall* v.

Van Syckel *v.* O'Hearn.

*Pearce, 4 Atl. Rep. 678; King* v. *Morford, Sax. 274; Stouten-burgh* v. *Tomkins, 1 Stock. 332; Baldwin* v. *Salter, 8 Paige 473; Lattimore* v. *Harsen, 14 Johns. 329.*

Again, the complainants say that if the time for performance of a written contract may be extended or enlarged by parol, some consideration must be shown therefor before the court will enforce such parol contract. The proposition thus stated is supported by the authorities. *Parker* v. *Jameson, 5 Stew. Eq. 222; French* v. *Griffin, 3 C. E. Gr. 279, 281.*

But a court of equity will sometimes prevent parties from disregarding their promises, even when no consideration has accrued to them upon the making of such promise. If a party asking the aid of the court waive strict performance of his contract and makes promises to the defendant upon which the latter has acted and altered his position, and it should appear to the court to work a hardship to the defendant to allow the complainant to withdraw his waiver, a court of equity always applies the doctrine of estoppel.

In such case, although no consideration or benefit accrues to the person making the promise, he is the author or promoter of the very condition of affairs which stands in his way; and when this plainly appears, it is most equitable that the court should say that they shall so stand. *Martin* v. *Righter, 2 Stock. 510; Church* v. *Florence Iron Works, 16 Vr. 133; Phillipsburg Bank* v. *Fulmer, 2 Vr. 55; King* v. *Morford, supra; Huffman* v. *Hummer, 3 C. E. Gr. 83, 90; Stryker* v. *Vanderbilt, supra; Miller* v. *Chetwood, 1 Gr. Ch. 208; Cox* v. *Bennett, 1 Gr. 165; Lee* v. *Kirkpatrick, 1 McCart. 264, 267; Continental National Bank* v. *National Bank Com., 50 N. Y. 575; Garrison* v. *Garrison, 5 Dutch. 153.*

The bill should be dismissed with costs.