This is the foreclosure of a mortgage given by the defendants to the Crosstown Building and Loan Association. The *Page 2 
mortgage was payable in monthly installments of $402 to be applied first to interest; second, to taxes, fire insurance premiums and other liens which might be charged against the premises and paid by the Association; and lastly, to be applied to the principal debt. In September, 1937, and thereafter, the defendants paid, and the Association accepted, in place of the stipulated installments of $402, whatever were the net rents of the property. For instance, in September, $310; October, $321; November, $327; December, $353. The defendants did not pay any taxes or insurance premiums but the Association exercised its option by paying them as they fell due and reimbursed itself out of the rents. On April 29th, 1943, when the debt had been reduced to $36,158, the Association assigned the mortgage to complainant. Immediately upon the assignment to complainant, he notified the tenants of the mortgaged premises to pay the rents to him instead of defendants. In the months of May, June and July — the bill was filed in July — he collected rents of $1,495. Deducting operating expenses, there remained in his hands more than $402 each month.
Complainant bases his right to foreclose on the allegation that the defendants defaulted in the monthly installments due in September, 1937, and in each successive month thereafter. Although the mortgage contains acceleration clauses, complainant has not elected that the entire debt should be immediately payable. He forecloses for only the sum of $13,152, which is the amount that remained due on the mortgage when the bill was filed, minus the amount that would have been due if the defendants had themselves paid taxes and insurance premiums and also each month the sum of $402.
The payment of September, 1937, $301, was $92 short, although enough to cover interest. The sum of $321 received in October might have been applied by the mortgagee, $92 to complete the September installment, and the balance $230 on account of October. Similarly with subsequent payments. December rents under that system would have been credited $248 to the November installment and only $105 to December, or not enough to satisfy the interest due that month. *Page 3 
But the Association did not so allocate the receipts. Each month, disregarding any deficiency in preceding months, it applied the money first to interest, then to taxes or insurance premiums which it had advanced, or expected to advance, and lastly to principal. Hence, interest, taxes and insurance have been paid in full, but the principal debt has been reduced only $4,000 instead of $17,000, as it would have been if the scheme of the mortgage had been exactly followed.
Complainant takes the position that the unpaid part of the September, 1937, installment, $92, is payable on demand, with interest compounded monthly, although the interest is calculated only to determine the amount now demandable on the principal debt. Defendants say that the $92 is an undistinguishable part of the entire unpaid principal to be paid with the interest in monthly installments of $402. Complainant asserts, and defendants deny, that a sum equal to the Association's advances for taxes and insurance, with compound interest, is now payable, since the liquidation of the debt has been retarded in that sum.
Where a debt is payable in installments, and the creditor accepts a part payment of an installment, the unpaid balance of the installment will be payable on demand unless there be a valid agreement to postpone, or an effective waiver or estoppel. The payment and acceptance of a part of what is presently due, does not excuse the non-payment of the rest in violation of the contract, and does not, by itself, impair the right of the creditor to demand full performance. But the parties are, of course, at liberty to make a new contract modifying the terms of the old. The time for payment may be extended or altered by a parol agreement. Tompkins v. Tompkins, 21 N.J. Eq. 338;Stryker v. Vanderbilt, 25 N.J. Law 482. In order that the extension be binding, it must be based on a good consideration, but courts are alert to find a consideration in order to uphold the extension. Burack v. Mayers, 121 N.J. Eq. 135; 122 N.J. Eq. 5.
An agreement, in the case before me, that the monthly payments should be the net rents instead of $402, would have sufficient consideration, for the rents might some months exceed, and some months be less than, $402. We have little direct proof of *Page 4 
the agreement, but we have the circumstance that for 68 months defendants paid, and the Association accepted without demur, the net rents. I think this is enough evidence, for it is difficult to believe that this long-continued course of action was merely fortuitous and not the result of agreement. It does not show, however, an agreement that the substituted rate of payment should continue until the whole debt be liquidated, for such an agreement would be unreasonable and should not be inferred from the facts, since rents might fall below the accruing interest on the debt, or the building might burn down. I find that the parties agreed on the payment of net rents during a period terminable at the will of the creditor, and upon such termination, the monthly payments would again be $402.
The same result may be reached on principles of waiver and estoppel. The Association's long-continued acceptance of the rents evidenced an intention to abandon its right to collect in those months any additional amount and was an effective waiver. The defendants were lulled into a belief they could safely pay only the net rents. As a result, says complainant, $13,000 is now payable. For complainant to enforce his demand would cause great hardship to defendants and defeat an essential feature of the mortgage, namely, payment in comparatively small installments over a period of years. This equity will not permit. Grigg v.Landis, 21 N.J. Eq. 494; Van Syckel v. O'Hearn, 50 N.J. Eq. 173; Cox v. Bennet, 13 N.J. Law 165; McCue v. Silcox,122 N.J. Law 12; Restatement — Contracts, § 300.
Complainant puts special emphasis on defendants' failure to pay taxes. By covenant in the mortgage, the defendants agreed to pay taxes and to keep the building on the mortgaged premises insured. But all taxes have been paid, and all the Association's advances for taxes had been repaid it out of rents when the bill was filed.
Since the complainant has shown no breach of the mortgage on which he may foreclose, his bill will be dismissed.
Defendants counter-claim to enjoin complainant from collecting the rents. Since the mortgage is not in default, they have a right to possess and manage the property and to collect *Page 5 
the rents. Sears Roebuck v. Camp, 124 N.J. Eq. 403. The injunction containing apt provisions for termination on default, will be granted.