The bill of complaint is to foreclose ten mortgages on five parcels of real estate in Jersey City. The answer alleges that the filing of the bill is premature since the maturity date of all the mortgages was extended.
Five of the mortgages were each given to secure $6,500 dated February 14th, 1921. The other five mortgages were each to secure $1,200 dated July 1st, 1936. The parties treat the indebtedness as one transaction.
By mutual agreement the rate of interest was reduced to four per cent. on the indebtedness as of January 1st, 1938. In September, 1938, the parties agreed on monthly payments *Page 583 
of $300 to be made by the mortgagor which were first to be applied to taxes, then to interest and the balance on account of the principal. Such payments were made until the filing of the bill and thereafter by order of this court dated November 23d 1943.
The arrangement between the parties appeared to be satisfactory until early in 1941 when the mortgagee complained that the monthly payments were insufficient to satisfactorily amortize the mortgages. In addition to this, the condition of the building was not satisfactory to the mortgagee. As a result, the mortgagor conferred with Mr. Roe, the vice-president of the mortgagee, on August 28th, 1941, at which time the mortgages were past due. Mr. Roe proposed that if the buildings were painted by the defendant before November 1st, 1941, the assessments of municipal taxes appealed and a payment of $1,000 made on account of principal, the mortgagee would extend the due date for a period of five years and reduce the interest rate to three per cent. The defendant agreed to these proposals except to the payment of $1,000 on account of the principal.
The defendant told Mr. Roe that he would consider the entire proposition and return the next week. The defendant testified that he did return on September 5th, 1941, and had a brief talk with Mr. Roe at which time Mr. Roe agreed to waive the payment on account of the principal if the painting and repair of the building and the appeal from the assessment of municipal taxes were done. Mr. Roe denies that a meeting took place on September 5th, 1941, and denies the waiver of the payment of the $1,000.
It is admitted that the buildings were painted and repaired and that an appeal was taken from the assessment which resulted in a substantial reduction of taxes and thereby, in effect, increased the monthly payments on account of principal. The painting and repairing were not completed until June, 1942. The defendant says that he understood the reconditioning of the buildings was to commence by November 1st, 1941, and that it could not be completed on account of bad weather and the scarcity of labor at that time. Complainant, however, *Page 584 
insists that the painting should have been completed by November 1st in order that the buildings might be protected during the winter months.
On December 29th, 1941, the defendant wrote to the complainant as follows: "With your kind permission and in accordance with our agreement, I will figure the interest on these mortgages at 3% commencing on January 1st, 1942." Complainant did not answer this letter and defendant forwarded his check in January, 1942, for interest at the rate of three per cent. and continued to send his checks monthly until the filing of this bill. On some of the checks the rate of interest was noted. All bore the following statement: "In full settlement of account as shown below if incorrect please return at once." Approximately 18 checks were forwarded in this manner.
After examining the evidence, I have come to the conclusion that the probabilities of the understanding between the parties are in favor of the contention of the defendant.
The payment of a mortgage may be extended by parol. Tompkins
v. Tompkins, 21 N.J. Eq. 338; VanSyckel v. O'Hearn, 50 N.J. Eq. 173; Kruger v. Mark, 135 N.J. Eq. 1.
The defendant believed that he had fully performed his part of the agreement. He repaired and painted the buildings at a cost of between $2,000 and $2,500 and he appealed from the tax assessment. I cannot believe that he would have done this if the payment of $1,000 had not been waived for the reason that defendant was a lawyer and fully understood his position. Apparently, the brevity of the meeting of September 5th, 1941, is the reason why Mr. Roe did not remember it.
It is not disputed that the complainant knew the buildings were being repaired and painted. Knowing this, complainant did nothing except to write defendant on December 3d 1941, of its intention to foreclose. Defendant was permitted to proceed and spend his money for painting and repairs. The checks were accepted without protest until a short time before the filing of the bill of complaint at which time complainant demanded an additional monthly payment of $50. Complainant at least was put on notice that the defendant considered *Page 585 
he had complied with the new agreement. I am satisfied that the bank was not insistent that the work be fully completed by November 1st, 1941, due to the working and weather conditions then prevailing. A contractual provision declaring time to be of the essence is not under all circumstances conclusively operative. It may be waived and the intent to annul it may be disclosed by the conduct of the parties. See Kerney v.Johnson, 104 N.J. Eq. 244; Norton v. Miller, 138 N.J. Eq. 235.
I am satisfied that the agreement between the parties was that which defendant contends and that he performed all that he was required to do.
I will advise a decree in accordance with these views. *Page 586