To this bill of partition, the defendants have answered that they and the complainants orally agreed with each other not to bring any suit for the partition of the land before August 23d 1948, when a certain mortgage will mature. The complainants now move to strike the answer on the ground that the alleged agreement is unenforceable under those provisions of our statute of frauds, which are known as R.S. 25:1-2 and 5(d). The first of these sections enacts that no interest in real estate shall be surrendered unless by deed or note in writing, and the other, that no action shall be brought upon an oral "contract or sale of real estate, or any interest in or concerning the same." While the latter section expressly forbids only the bringing of an action on such a contract, it is construed to preclude the use of such a contract as a defense. 37 C.J.S., Statute of Frauds,726, § 225. This construction has been followed in our courts without discussion in many cases of which the latest seems to beBrands v. Cassedy, 124 N.J. Eq. 417; 125 N.J. Eq. 346.
I have found no cases dealing with the exact question now before me, but there are a number which may point toward the proper answer. Among the oral agreements or surrenders that have been held unenforceable are: The consent of one who enjoys an easement of light and air, that the owner of the servient tenement may build in disregard of the easement. Ware v. Chew,43 N.J. Eq. 493. Permission given an abutting owner to erect a building encroaching on complainant's land. Capone v.Ranzulli, 99 N.J. Eq. 627. An agreement by a land owner with his next door neighbor restricting the use of his land.Droutman v. E.M. L. Garage, 129 N.J. Eq. 1 and 545. A promise by a mortgagee, after default, not to take possession.Montuori v. Bailen (Mass.), 194 N.E. Rep. 714;97 A.L.R. 789, and annotation. And an agreement *Page 489 
not to foreclose for a certain time. "Not only is a mortgage an interest in land, but the privileges and powers inherent in it are also interests in lands. * * * If there is no power to enforce payment by foreclosure, a necessary characteristic of a mortgage would be lacking." George v. Meinersmann,119 N.J. Law 460. This decision may be compared with the line of cases where such contracts have been enforced on principles of promissory estoppel because the mortgagor had changed his position in reliance on the extension. Examples are Tompkins v.Tompkins, 21 N.J. Eq. 338, and Van Syckel v. O'Hearn,50 N.J. Eq. 173. Similarly, an oral agreement not to partition has been given effect where the promisee had so far performed that repudiation by the other party would amount to a fraud. Schmidt
v. Schmidt (Ill.), 143 N.E. Rep. 75. Reference may also be made to Ganz v. Elfenbein, 94 N.J. Law 445, where there had been a contract for the sale of land, followed by an oral rescission of the contract accompanied by a return of the consideration. It was held that the vendee's surrender of his interest in the land occurred by operation of law upon his accepting the return of the money and therefore no deed or note in writing was required.
In the answer which is before me, there is no allegation that defendants have been induced to take or abstain from, any action by complainants' promise. The agreement is executory on both sides. The power to maintain a suit for partition has been an incident to the title of a tenant in common or joint tenant, since the time of Henry VIII. It is a right that may be exercised by an adult tenant, without regard to the interests of the other tenants or the inconvenience or hardship that may result.Stevens v. Enders, 13 N.J. Law 271, 275; Bentley v. LongDock Co., 14 N.J. Eq. 480; 15 N.J. Eq. 501; Wittell v. Wittell,82 N.J. Eq. 229. I am satisfied that the agreement set forth in the answer is within the statute and hence will advise an order striking the answer. *Page 490