VINCENZO G. PARADISO AND MAY C. PARADISO, PLAINTIFFS-RESPONDENTS, v. EDWARD MAZEJY, DEFENDANT-APPELLANT.

Argued October 3, 1949—Decided November 7, 1949.

*Mr. Joseph J. DeLuccia* argued the cause for appellant (*Mr. Joseph Cappa,* attorney).

*Mr. Ralph A. Corbin* argued the cause for respondents (*Messrs. Corbin & Corbin,* attorneys).

The opinion of the court was delivered by
WACHENFELD, J.   This is an appeal from the Superior Court, Chancery Division, certified here on our motion.

On September 20, 1948, the parties entered into a contract whereby the appellant agreed to purchase and the respondents to sell certain real estate in the City of Passaic. The contract provided title would close November 1, 1948, and that the deed should be delivered and received at the offices of Corbin & Corbin, respondents' attorneys, in Passaic. The purchase price was $25,000, of which $1,000 was to be paid on execution of the contract, $4,000 on delivery of the deed and the remaining $20,000 secured by bond and mortgage. The agreement further provided:

"The conveyance of the above described premises will be made subject to state and municipal requirements relating to land and buildings, their construction and use and violations thereof, if any; subject to restrictions of record, if any; subject to such state of facts as an accurate survey and inspection of the premises would disclose and subject to the rights of existing tenancies."

Because a title search was not completed by November 1st, the day set for the closing, appellant requested additional time. It was granted but only on condition that he pay an additional $500 deposit on the purchase price and waive a condition in the contract making the sale contingent upon a certain use of the property being allowed. The additional deposit was paid, the condition referred to waived and a supplemental agreement entered into on November 8th extending the closing date to December 1st and again stipulating the Passaic offices of respondents' attorneys as the place where it was to occur.

Having discovered that a second mortgage on the property, made in 1925, had not been cancelled of record, respondents were not ready to convey on December 1st. No demand for performance was made on that date and no action taken in the matter until the end of the month when, by letter, appellant's attorney asked for the return of the deposit money. On January 7, 1949, another letter followed from the attorney stating time was of the essence of the contract, demanding that title be closed on January 21st at his office in Paterson, New Jersey, by delivery of "a deed free and clear of all encumbrances," and stating further that the appellant would

expect to receive a cancellation or satisfaction of all encumbrances of record.

In the meantime, respondents, in order to clear title to the property, filed a complaint pursuant to *R. S.* 2 :66–1 *et seq.*, in the Superior Court, Chancery Division, to cancel the outstanding second mortgage which, according to affidavits filed in the court below, had been satisfied but not cancelled of record. The bond and mortgage had been assigned in 1932 to Gladys G. Quick as trustee for two corporations which were the beneficial owners and she was named as defendant ,in the action. The corporations were not joined as parties defendant. On January 21st, the closing date set in the letter, this action had not been concluded and respondents were not prepared to close title. Gladys Quick did not file an answer and, pursuant to an order of the Chancery Division, the mortgage was cancelled of record on January 25th.

Appellant belatedly decided not to go through with the contract and on January 26th a complaint was filed to compel him to purchase. He counterclaimed for the amount of the deposit money, damages and costs, asserting he was justified in his refusal to perform the contract because (1) time was made of the essence of the contract by the supplemental memorandum of November 8th which extended the closing date or, in any event, by the letter of January 7th setting a new closing date for January 21st, and (2) there was not a marketable title since the beneficial owners of the uncancelled mortgage, the two corporations for which Gladys Quick held the mortgage as trustee, were not joined as parties defendant to the action for cancellation. The court below found for the respondents and ordered specific performance of the contract, with modification as to the date for closing title.

The first inquiry is whether or not time was made of the essence of the contract by the supplementary agreement of November 8th. Where time is not specifically made of the essence, the intention of the parties to make it so must be clearly spelled out either by an examination of all the surrounding circumstances or by supplemental notice from one party to the other.

"The law is that a day fixed in a contract for closing title, without more, is merely formal; but if it is stipulated that time is of the essence, or the circumstances are persuasive that that is the case, prompt performance is essential, and it is also the law that where the time fixed is regarded as a formality only, and the period has gone by, or where time is of the essence and there is a waiver, that time may nevertheless be made of the essence by formal demand that the title be closed by a given day; but the time given must be reasonable." *Reade v. McKenna,* 99 *N. J. Eq.* 764 (Ch. 1926); affirmed, 101 *N. J. Eq.* 304 (*E. & A.* 1927).

■ The supplemental agreement of November 8th reveals nothing to indicate time was of the essence. The original contract made on September 20th provided title should close on November 1st, six weeks later. Then the appellant was not ready to perform and asked for the extension which resulted in the supplemental agreement. On the new closing date, no demand for performance was made by appellant and in fact no action was taken by him until his attorney wrote respondents nearly a month later asking for the return of the deposit money. The dilatory tactics of both parties indicate that neither of them then regarded time as of the essence.

■■ Did the letter of appellant's attorney on January 7th, in which it was specifically stated time was being made of the essence, actually accomplish that result? Admittedly, as we have already held, where time is not of the essence of the original contract, it can be made so by later notice but one of the essentials of such notice is that the time then allowed must be reasonable. *Reade v. McKenna, supra.* The time given in the notice must bear a reasonable relation to the time already elapsed. *Orange Society v. Konski,* 94 *N. J. Eq.* 632 (*Ch.* 1923); affirmed, 95 *N. J. Eq.* 254 (*E. & A.* 1923). Where there are defects in the title, the vendor will be allowed a reasonable time to correct them. *Johnson v. Rivara,* 11 *N. J. Misc.* 677 (*Sup. Ct.* 1933); affirmed, 112 *N. J. L.* 92 (*E. & A.* 1934).

■ Here the time for performance of the contract had been postponed by request or inertia for more than two months. On January 7th the appellant, while the action for cancellation was pending, attempted to set a new and

final closing date two weeks hence. In view of the previous delay and the pending proceedings, this was not a reasonable time. Moreover, appellant's letter varied the terms of the contract in two particulars: (1) it changed the place for closing title; (2) it demanded a deed free and clear of all encumbrances contrary to the provisions of the agreement of September 20th. Thus the notice purporting to make time of the essence was not only unreasonable in the time allowed but was coupled with changes in material provisions of the original agreement. The contract which appellant sought to have performed on January 21st was not the contract the parties had entered into but a proposed substitute never accepted by respondents. Under these circumstances, the court below found the attempt to make time of the essence was ineffectual. The evidence supports that finding.

██ Time not being of the essence, a reasonable time for the performance of a contract must be allowed. In *Larkin v. Koether*, 101 *N. J. Eq.* 176 (*Ch.* 1927); affirmed, 102 *N. J. Eq.* 329 (*E. & A.* 1928), the court said:

"Where time is not of the essence, an arbitrary and sudden determination of the transaction cannot be permitted to immediately end pending disputes or negotiations as to title. The other party must be allowed a reasonable length of time in which to perform. An arbitrary notice of termination may be entirely disregarded."

██ Here, the court order was obtained and the outstanding mortgage cancelled of record on January 25th, four days after the date for performance proposed in appellant's letter. There is nothing in the record to suggest that this four-day extension constituted an unreasonable delay or worked any hardship on either of the parties. We accordingly find the respondents were prepared to perform the contract within a reasonable time and the defense in this regard was without substantial merit.

It is next contended that the respondents cannot offer a marketable title because the corporations for whose benefit Gladys Quick held the uncancelled second mortgage as trustee were not made parties to the action to cancel it. The various

transactions which took place between the time the mortgage was made and the time of the commencement of the action for cancellation are set forth in detail in the complaint filed below and in the affidavits annexed to it. In, one of those affidavits, made by a person who had been an officer of both corporations at the time of the mortgage transactions, it was specifically stated that the beneficial interest of the corporations was fully satisfied, the obligation extinguished and the failure to cancel the mortgage of record mere inadvertence.

Equity will not compel a purchaser specifically to perform his contract where there is a cloud upon the title he would receive. *Sharpe v. Stretch,* 98 *N. J. Eq.* 225 (*Ch.* 1925); *Burke v. Dorfan,* 101 *N. J. Eq.* 84 (*Ch.* 1927); *Bank of Montclair v. Mallas,* 120 *N. J. Eq.* 611 (*Ch.* 1936); affirmed, 121 *N. J. Eq.* 266 (*E. & A.* 1937). The question therefore arises as to whether the failure to join the corporations which were the beneficial owners of the second mortgage in the cancellation action creates a cloud upon the title. When the *cestui que trust* has an equitable title in the lands and a right of redemption, he must be made a party defendant to a foreclosure action if title is to be cleared. The corporations in the present case, however, had only an equitable interest in the mortgage and not an equitable title to the lands or a right of redemption. In such circumstances, it is not necessary that the *cestui que trust* be joined as a party defendant in the foreclosure action in order to convey a clear and valid title. His interest is fully represented by joinder of the trustee. *N. J. Franklinite Co. v. Ames,* 12 *N. J. Eq.* 507 (*E. & A.* 1859); *Fidelity Union Trust Co. v. Gerber Bros. Realty Co., Inc.,* 123 *N. J. Eq.* 511 (*Ch.* 1938); *Halprin v. Meehan,* 137 *N. J. Eq.* 282 (*Ch.* 1945). The proceedings for cancellation were in accord with *R. S.* 2:66–1 *et seq.,* and the cited authorities and the title offered by respondents, in our judgment, was sound and marketable in the respects complained of and contains no defect which would bar an action for specific performance.

The judgment below is affirmed, except for such changes as may be necessary in the time and place for performance, and

the cause is remanded for proceedings not inconsistent with this opinion.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.