11 N.J. Super. 51 (1951)
78 A.2d 91
HELEN WILLLIAMS, PLAINTIFF-RESPONDENT,
v.
JOSEPHINE SANACORE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1950.
Decided January 3, 1951.
*52 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Emanuel Gersten argued the cause for the plaintiff-respondent (Mr. Edward E. Mishell, attorney).
Mr. Edward T. Miller, attorney for and of counsel with defendant-appellant, argued the cause.
*53 The opinion of the court was delivered by ROGERS, J.A.D.
Judgment for $1,000 was entered for plaintiff upon a jury verdict in her suit in the Superior Court, Law Division, Essex County, for recovery of the deposit paid under her contract with defendant for the purchase of real estate.
The appeal is from this judgment and seeks, inter alia, a review of the trial court's denial of defendant's motion for judgment made at the close of the evidence in the entire case.
Plaintiff's claim was based upon her option under the contract to void it and to recover her down payment in the event that neither party to the agreement within six weeks from its date obtained a commitment for plaintiff for a $7,000 mortgage upon the described premises. That neither party obtained the required commitment within time is admitted. It is also admitted that the parties frequently discussed the procurement of the mortgage during the prescribed period and that plaintiff's attorney requested and was granted permission to continue to seek the commitment even beyond the time afforded to plaintiff under the contract for the reason that she was the purchaser and the person who in the usual course would obtain the credit. The uncontroverted testimony is that the parties agreed verbally during the six-weeks' term to extend the time for each to obtain the mortgage but no definite time extension was fixed. The attorney acting for plaintiff under the agreement testified to his discussions with defendant's attorney in part as follows:
"We certainly discussed extension  Mr. Miller and myself. He said he would extend it with me and I said I would extend it with him, * * *."
"I said, `Take a little more time on it. It's all right with me.'"
A letter from defendant's attorney to plaintiff's attorney mentions an extension granted to plaintiff and her attorney testified to it being carried beyond that date at his request. It is also admitted that plaintiff made a written application for a mortgage commitment two days after the six-week period *54 provided for in the contract. Despite the extension agreements and her own application made beyond the contract time, plaintiff one week later and without previous warning to defendant voided the contract and demanded the return of the deposit money upon the ground that the mortgage commitment had not been obtained in the six-weeks' period.
The verbal agreements extending the time under the contract for obtaining the mortgage commitment were valid. Tompkins v. Tompkins, 21 N.J. Eq. 338 (Ch. 1871); Stryker v. Vanderbilt, 25 N.J.L. 482 (Sup. Ct. 1856); Kruger v. Mark, 135 N.J. Eq. 1 (Ch. 1944). The extension agreements were based upon mutual promises beneficial to the parties, an adequate consideration.
Defendant's motion for judgment at the close of all the evidence is to be tested by ascertaining whether a prima facie case appears upon considering all evidence adduced by plaintiff and all reasonable inferences therefrom in the light most favorable to plaintiff's claim together with all of the uncontroverted evidence submitted by defendant. The evidence presented no issue for the jury. The only matter before the court was the legal question of the effect of the extension agreements upon plaintiff's option under the contract to void it and to demand the return of her deposit.
It is clear that defendant's motion for judgment should have been granted. With this disposition of the case the other grounds argued on the appeal need not be considered.
The judgment under review is reversed and judgment may be entered for defendant pursuant to her motion.