688 A.2d 1056

PATRICK J. TIEDEMANN AND MARY TIEDEMANN, PLAIN-
TIFFS–RESPONDENTS, v. WILLIAM COZINE AND MILDRED
COZINE, DEFENDANTS–APPELLANTS, AND WEICHERT RE-
ALTORS OF CHESTER AND WEICHERT REALTORS OF MOR-
RIS PLAINS, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1996—Decided February 3, 1997.

Before Judges DREIER, NEWMAN and COSTELLO.

*Michael E. Cozine* argued the cause for appellants.

*Anthony Cerciello* argued the cause for respondents (*Lawrence Levitt,* attorney; *Mr. Cerciello,* on the brief).

The opinion of the court was delivered by

COSTELLO, J.S.C., (temporarily assigned).

Defendants appeal from a decision by the trial judge granting summary judgment to the plaintiffs. We reverse and remand.

Defendants William and Mildred Cozine were the owners of a vacant lot located in Chester Township. On March 13, 1995 they

entered into a Contract of Sale with the plaintiffs Patrick J. and Mary Tiedemann. The contract contained the following provisions:

22. Attorney Review:

  3. Notice of Disapproval:

    If an attorney for the Buyer or the Seller reviews and disapproves of the Contract, the Attorney must notify the Realtor(s) and the other party named in this Contract within the three-day period. Otherwise this Contract will be legally binding as written. The Attorney must send the notice of disapproval to the Realtor(s) by certified mail, by telegram, or by delivering it personally.

26. Additional Contractual Provisions, if any: Subject to all of the following: ...

  6. Obtaining Building Permit; ...

### Rider

  3. All notices required under this Contract may be given by FAX transmission from the Attorney for the noticing party to the Attorney for the noticed party, which shall be confirmed in writing promptly thereafter.

  4. Buyer and/or seller are not required to apply for a variance in the event that it is required by a municipality.

The $15,000 deposit was paid to the broker by the plaintiffs. The date set in the rider for meeting any contingencies was August 1, 1995. There was no express time of the essence clause.

On or about April 12, 1995 the buyers' attorney was advised by municipal officials that a variance was necessary. He communicated this to the sellers' attorney and indicated he needed to have assurances that the contingency date would be extended to September 1, 1995 and that the sellers would cooperate in obtaining a variance. The sellers' attorney verbally agreed. The changes were never reduced to a signed writing.

Thereafter the buyers sought to cancel the contract by letter dated June 6, 1995 on the ground that the Township required a variance to build. The seller then proceeded to apply for the variance. On August 1, 1995, the sellers were advised by their specially retained counsel that the Township did not in fact require a variance. The buyers then again sought on August 2, 1996 to cancel on the ground that the building permit had not been obtained and that the August 1, 1995 contingency date had passed.

The trial court granted summary judgment holding that (1) the statute of frauds barred the oral amendment and (2) since time was of the essence and the contingency of a building permit had not been satisfied by August 1, 1995, either cancellation was valid. We disagree with these conclusions.

The statute of frauds at the relevant time read in part as follows:

No action shall be brought upon any of the following agreements or promises, unless the agreement or promise upon which such action shall be brought or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith, or some other person thereunto by him lawfully authorized:

d. A contract for sale of real estate, or any interest in or concerning the same. [*N.J.S.A.* 25:1–5.[1]]

■ The issue of whether the statute of frauds will bar an oral modification of a contract required to be in writing has been the subject of sparse discussion in reported New Jersey cases. The last mention of the issue appears to be in *Willow Brook Recreation Center, Inc. v. Selle,* 96 *N.J.Super.* 358, 233 *A.*2d 77 (App. Div.1967), *certif. den.* 51 *N.J.* 187, 238 *A.*2d 473 where this court took note of the principle ". . . that oral agreements extending the time for performance of contracts within the Statute of Frauds are valid." *Id.* at 364, 233 *A.*2d 77. The court there determined that the oral modification was for more than the time of performance or the satisfaction of a condition. *Id.* at 365, 233 *A.*2d 77. *See also Schlecter v. Hollander,* 11 *N.J.Super.* 236, 78 *A.*2d 279 (App.Div.1951) and *Williams v. Sanacore,* 11 *N.J.Super.* 51, 78 *A.*2d 91 (App.Div.1951). We determine that the statute of frauds does not bar an oral modification of a contract required to be in writing when, as here, the modification does not affect a time of the essence provision.

This is in accord not only with the dictum in *Willow Brook, supra,* but also with substantial out of state authority. *See Colorado Investment Services, Inc. v. Hager,* 685 *P.*2d 1371 (Colo. Ct.App.1984) (allowed even when oral modification affects a time of the essence clause); *Kelly v. Hodges,* 811 *P.*2d 48 (Idaho

---

[1] This section has since been repealed and replaced with *N.J.S.A.* 25:1–11.

Ct.App.1991); *Rex Lumber Co. v. Acton Block Co., Inc.*, 29 *Mass.App.* 510, 562 *N.E.*2d 845 (1990); *Empire Properties, Inc. v. Equireal, Inc.*, 449 *Pa.Super.* 476, 674 *A.*2d 297 (1996); *Berube v. Montgomrery*, 463 *A.*2d 158 (R.I.1983); *Joiner v. Elrod*, 716 *S.W.*2d 606 (Tex.Ct.App.1986); and *North v. Simonini*, 142 *Vt.* 482, 457 *A.*2d 285 (1983). The rationale for the distinction is that the statute of frauds requires the contract to be in writing, but that performance of that contract is not within the statute. *But see Kammert Bros. Enterprises, Inc. v. Tanque Verde Plaza Co.*, 4 *Ariz.App.* 349, 420 *P.*2d 592 (1966); *Young v. Brookshire Village Properties*, 101 *Ohio App.*3d 458, 655 *N.E.*2d 1329 (1995), *certif. den.* 73 *Ohio St.*3d 1413, 651 *N.E.*2d 1311 (1995); and *Wardley Corp. Better Homes and Gardens v. Burgess*, 810 *P.*2d 476 (Utah Ct.App.1991).

The buyers' claim that the oral agreement did more than extend time limits does not withstand scrutiny. The written contract recited that it was neither party's duty to apply for a variance. But significantly, neither party was precluded from removing any impediment to the contract, including the obtaining of a variance. The oral agreement as described by the sellers' attorney was that each party would cooperate with the application, a duty already implied in law. There is a duty of good faith and fair dealing implied in every contractual relationship. *Onderdonk v. Presbyterian Homes of New Jersey*, 85 *N.J.* 171, 182, 425 *A.*2d 1057 (1981). Additionally, an extra month's time was allegedly given to obtain any necessary variance. When the buyers did not seek a variance, the sellers pursued the issue on their own, ultimately succeeding in having the Township reverse itself. The oral agreement, if it existed, did not impose any additional duties upon the buyers and therefore did not violate the statute of frauds.

There is nothing in the record to support a finding that time was of the essence. That finding would require that there be a writing stating that time was of the essence and that the time allowed be reasonable and specific. *See Paradiso v. Mazejy*, 3 *N.J.* 110, 115, 69 *A.*2d 15 (1949); *Gorrie v. Winters*, 518 *A.*2d 515,

214 *N.J.Super.* 103, 107 (App.Div.1986), *certif. denied* 107 *N.J.* 114, 526 *A.*2d 184. Those factors were not present here.

Finally, buyers argue that even if the oral agreement satisfies the statute of frauds, it is unenforceable in this case because it violates paragraph three of the Rider. This claim is also misplaced. That paragraph simply adds fax transmission as a method of transmittal of a notice to other methods already enumerated in the contact. It only applies to notices which are required by the contract such as the attorney review notices in paragraph 22.

■ The sellers' contentions regarding the various letters and telephone calls between attorneys presented a genuine issue of fact as to their intent in extending the contingency date. Since a factual issue was present, the summary judgment motion should have been denied. *Brill v. Guardian Life Insurance Company of America,* 142 *N.J.* 520, 666 *A.*2d 146 (1995).

Accordingly we reverse and remand for further proceedings in accordance with this decision.