YOUNG, d.b.a. Eagle Development, Appellant and Cross–Appellee,

v.

**BROOKSHIRE VILLAGE PROPERTIES et al., Appellees and Cross–Appellants.**

[Cite as *Young v. Brookshire Village Properties* (1995), 101 Ohio App.3d 458.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA94–07–059.

Decided Feb. 27, 1995.

Patrick K. Smith, for appellant and cross-appellee.

Coolidge, Wall, Womsley & Lombard Co., L.P.A., Roger J. Makley and Randolph J. Bernard, for appellees and cross-appellants.

KOEHLER, Judge.

On March 5, 1993, plaintiff-appellant, Steven R. Young, d.b.a. Eagle Development, entered into a contract to purchase approximately one hundred forty-three acres of property located in Warren County, Ohio from defendant-appellee, Brookshire Village Properties. The contract provided that the price of the land was to be $10,638 per acre and that closing was to take place "at a mutually agreeable time and place, but in no event later than June 30, 1993, unless the date of closing is extended by mutual agreement of the parties hereto."

In June 1993, Young agreed to sell the property to Zaring Homes, Inc. ("Zaring"). Young subsequently contacted Brookshire's real estate agent, W. Scott Brinker, and requested an extension of the closing date. Brinker stated that he was "reasonably confident" that Brookshire would be willing to postpone the closing for thirty days or perhaps sixty days.

On June 25, 1993, Brinker faxed Young's real estate agent, Carl Owens, a proposed addendum to the March 5, 1993 contract which provided that the period within which the closing was to occur would be extended until July 31, 1993. The addendum also required Young or his successors in title to pay Brookshire the prevailing sewer tap fees in effect at the time the land was developed into individual residential lots. Young did not sign the document or return it to either Brinker or Brookshire for execution. Brookshire subsequently notified Young by letter dated July 16, 1993 that the time for closing had expired and that it was no longer obligated to sell the property under the terms of the parties' March 5, 1993 contract.

On August 19, 1993, Young proposed a revised addendum to the contract which purported to extend the date of closing until December 30, 1994. Brookshire did not execute the proposed addendum, but instead notified Young by letter that it was unwilling to perform the March 5, 1993 contract. Brookshire eventually entered into a contract to sell the property to Zaring.

On September 29, 1993, Young brought suit against Brookshire, alleging breach of contract. Brookshire subsequently moved for summary judgment pursuant to Civ.R. 56(C). The trial court granted Brookshire's motion for summary judgment. The trial court found that Young was not entitled to recover for breach of contract because he had failed to tender the purchase money by the June 30, 1993 closing date. The trial court did award Young $10,000 that he tendered as earnest money at the time the contract was executed. Young now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred by failing to find that appellees breached the purchase agreement."

Assignment of Error No. 2:

"The trial court erred by failing to find that appellees waived the June 30, 1993 closing date."

Assignment of Error No. 3:

"The trial court erred by failing to find that appellees were equitably estopped from requiring strict adherence to the June 30, 1993 closing date."

Assignment of Error No. 4:

"The trial court erred in its application of the standard for a grant of summary judgment."

Assignment of Error No. 5:

"The trial court erred by failing to grant summary judgment in favor of appellant."

Brookshire also cross-appeals, setting forth the following assignment of error:

"The trial court erred by failing to grant summary judgment in favor of appellees/cross-appellants regarding the earnest money deposit."

In his first assignment of error, Young contends that the trial court erred in finding that he is not entitled to recover against Brookshire for breach of contract. We disagree. It is a settled principle of contract law that, in the case of mutually dependant promises, neither party is obligated to perform or is in default until the promise of the other party is performed or the other party tenders performance. *Raudabaugh v. Hart* (1899), 61 Ohio St. 73, 87–88, 55 N.E. 214, 217. The record indicates that Brookshire's promise to convey the property was contingent and mutually dependent upon Young's promise to convey the purchase money prior to the June 30, 1993 deadline for closing. There is no evidence that Young tendered or attempted to tender the purchase money to Brookshire within this period. Consequently, we find that Young is barred from recovering against Brookshire for breach of contract as a matter of law. The first assignment of error is not well taken and is hereby overruled.

In his second assignment of error, Young contends that summary judgment is inappropriate in this case because Brookshire waived its right to enforce the June 30, 1993 closing date by agreeing to modify the terms of the parties' March 5, 1993 contract. Young argues that Brookshire agreed to extend the period within which closing was to occur by submitting its proposed addendum to the contract on June 25, 1993. The record indicates that Brookshire's proposed amendment to the contract purported to extend the date of closing to July 31, 1993 and also granted Brookshire the right to receive sewer tap fees as the property was developed into individual residential lots. However, the addendum was never executed by either Young or Brookshire. As a result, the addendum never operated as a waiver of the original June 30, 1993 closing date or varied any of the terms of the original contract.

Young also argues that Brinker waived the June 30, 1993 closing date on behalf of Brookshire by orally modifying the contract to extend the period within which closing was to occur. R.C. 1335.05 codifies the Statute of Frauds and provides that "[n]o action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands tenement or hereditaments, or any interest

in, or concerning of them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith * * *." The time for performance of a written contract for the sale of an interest in realty may not be extended by a subsequent oral agreement. *Clark v. Guest* (1896), 54 Ohio St. 298, 302, 43 N.E. 862, 862.

█ The record indicates that Young discussed postponing the closing with Brookshire's real estate agent, W. Scott Brinker, and that Brinker stated that he was "reasonably certain" that Brookshire would agree to postpone the closing for thirty or sixty days beyond the June 30, 1993 deadline. This statement by Brinker was not effective to modify the terms of the March 5, 1993 contract because Young did not obtain a memorandum sufficient to satisfy the Statute of Frauds. Accordingly, the trial court properly found that Brinker did not orally waive Brookshire's right to enforce the June 30, 1993 closing date as a matter of law. The second assignment of error is overruled.

█ In his third assignment of error, Young contends that he is entitled to recover under the doctrine of equitable estoppel. The doctrine of equitable estoppel prevents a party from exercising rights which he might otherwise have had against one who has in good faith relied upon the conduct of that party to his detriment. *First Fed. S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 145, 11 OBR 215, 226, 463 N.E.2d 636, 647–648. In *Johnson v. Franklin* (1989), 64 Ohio App.3d 205, 210, 580 N.E.2d 1142, 1145, we held that the elements of equitable estoppel are "(1) a representation by the party to be estopped; (2) which representation communicates some fact or state of affairs in a misleading way; (3) and which induces reasonable, actual reliance by the second party; (4) who would suffer prejudice or pecuniary disadvantage unless the first party is estopped from asserting an otherwise valid right in contradiction to his earlier representation."

█ Young argues that Brinker fraudulently induced him to breach the parties' March 5, 1993 contract. We disagree. The record indicates that Brinker stated to Young that he thought Brookshire would be willing to postpone the closing for thirty or sixty days and that Brinker subsequently faxed Young's real estate agent a proposed addendum to the contract which purported to extend the period for closing from June 30, 1993 to July 31, 1993. Young did not sign or otherwise execute the proposed addendum. There is no evidence which would allow a jury to conclude that Brinker made any misleading representation of fact to Young or that Brinker induced Young to postpone the closing until after the June 30, 1993 deadline had passed. Consequently, we believe that Young is not entitled to recover under the doctrine of equitable estoppel as a matter of law. The third assignment of error is overruled.

In his fourth and fifth assignments of error, Young contends that the trial court erred in applying the standard for summary judgment. Civ.R. 56(C) specifically provides that summary judgment is appropriate where (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion, which is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884.

As we have already noted, the record indicates that no genuine issue of material fact remains to be litigated with respect to any of Young's claims and that Brookshire is entitled to judgment as a matter of law. Therefore, we find that summary judgment was appropriate in this case. The fourth and fifth assignments of error are hereby overruled.

 Brookshire also cross-appeals, arguing that the trial court erred in awarding Young the earnest money he tendered at the time the contract was executed. Paragraph seven of the contract between the parties addresses the issue of the earnest money deposit and provides:

"Purchaser has deposited Ten thousand and no/100* * * Dollars [$10,-000.00* * *] with C.O.R.E. Realty Realtor, as earnest money to be held by said Realtor to apply on the purchase price, and to be refunded to purchaser only if this offer is not accepted or if seller fails to convey merchantable title."

The evidence presented by the parties indicates that Brookshire did not convey title to the property to Young. Accordingly, the trial court properly found that Young was entitled to the return of the earnest money deposit under the express terms of the contract and that no genuine issue of material fact remains to be litigated. Brookshire's sole assignment of error is not well taken and is hereby overruled.

*Judgment affirmed.*

JONES, P.J., and WALSH, J., concur.

FRED E. JONES, P.J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV of the Ohio Constitution.