DECISION AND JUDGMENT ENTRY
{¶ 1} Willis Ratliff ("Appellant") appeals the judgment of the Lawrence County Court of Common Pleas granting Roman Lewis' ("Appellee") motion for summary judgment. The underlying document in the instant appeal is a contract for the sale of real estate between the Appellant and Paulette Irene Webb, now deceased. The Appellant contends the trial court erred when it granted the Appellee's motion for summary judgment, as the clear and unambiguous language of the contract at issue contained mutual promises of the buyer and the seller, and thereby contained *Page 2 
sufficient consideration to form a binding contract between the Appellant and Ms. Webb. Because we find there was no written modification to the original contract extending the closing date beyond January 1998, and the Appellant made no attempt to close on the contract until his September 2006 complaint, we affirm the judgment of the trial court.
 I. Facts {¶ 2} The Appellant and Paulette Webb, now deceased, entered into a contract for the Appellant to purchase the real estate of Ms. Webb, located at 116 Fitzpatrick Street, South Point, Lawrence County, Ohio, for the sum of $70,000.00. The contract, dated September 15, 1997, was handwritten by the Appellant and was signed by both parties. It further called for the closing to occur in January 1998 and Ms. Webb would be given until February 1998 to vacate the premises. The Appellant admitted in deposition testimony that no money or anything else of value was exchanged at the time the parties signed the contract.
 {¶ 3} The following unsigned notation is present below the signatures of the parties to the contract:
 "Paulette called, said her lawyer would take longer than she thought to settle her affairs and go live with her daughter. She said she would sell me the house for the agreed price whenever she would be able to leave. She said if that was ok. I told her yes." *Page 3 
The notation was not dated, nor was the author of the notation identified in the document. The Appellant explained in deposition testimony that the aforementioned notation was written by him and amounted to notes of a phone conversation he had with Ms. Webb. He further admitted that there were no other signed agreements between the parties and that the notation at the bottom of the contract was an alleged oral agreement that was not signed by either party.
 {¶ 4} The Appellant testified that the next and only other conversation he had with Ms. Webb regarding the sale of the house occurred in autumn of 1998, when he stopped by the Appellee's home with his girlfriend to show her the house. At that time he learned Ms. Webb had built an addition onto the house for the sum of $10,000.00. Ms. Webb told the Appellant he would have to pay her the $10,000.00 she incurred for the addition. The Appellant testified he told Ms. Webb he would not pay the additional $10,000.00 because he had signed a contract for $70,000.00. The Appellant admitted that after the autumn 1998 conversation with Ms. Webb, he had no further discussions with her regarding the real estate, and did nothing in order to enforce the contract between the parties. Mrs. Webb continued living in the Fitzpatrick Street residence until the date of her death on April 6, 2006. *Page 4 
 {¶ 5} On September 29, 2006, the Appellant filed a complaint in the Lawrence County Court of Common Pleas against the Appellee, executor of the estate of Ms. Webb, seeking specific performance of the aforementioned real estate contract. The Appellee filed his answer on October 5, 2006, alleging various defenses, including a lack of consideration.
 {¶ 6} On December 11, 2006, the Appellee filed a motion for summary judgment with the trial court, seeking dismissal of the complaint on the grounds that the contract lacked consideration and, in the alternative, that the parties never executed a signed agreement modifying the contract so as to extend the closing date beyond January 1998. On January 29, 2007, the Appellant filed a memorandum contra the motion for summary judgment. The parties waived oral argument on the matter, and on March 5, 2007, the trial court issued a judgment entry granting the Appellee's motion for summary judgment dismissing the Appellant's complaint. The Appellant now appeals this decision, asserting the following assignment of error:
 II. Assignment of Error {¶ 7} 1. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS OF LACK OF CONSIDERATION WHERE THE CLEAR AND UNAMBIGUOUS LANGAGE OF THE CONTRACT CONTAINED MUTUAL PROMISES OF THE BUYER AND THE SELLER. *Page 5 
 III. Legal Analysis {¶ 8} In his sole assignment of error, the Appellant contends the trial court erred when it granted the Appellee's motion for summary judgment. In reviewing a decision on a motion for summary judgment, appellate courts review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988),37 Ohio St.3d 144, 146, 524 N.E.2d 881; Civ. R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if *Page 6 
appropriate, shall be entered against the nonmoving party." Kulch v.Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 9} The facts of the case sub judice are not in dispute. As noted supra, the original contract between the parties called for closing to occur in January 1998 and for Ms. Webb to vacate the house in February 1998. It is uncontroverted that the parties did not sign any written agreement extending the closing date beyond January 1998.
 {¶ 10} As noted in Young v. Brookshire Village Properties (1995),101 Ohio App.3d 458, 462, 655 N.E.2d 1329, "the time for performance of a written contract for the sale of an interest in realty may not be extended by subsequent oral agreements." The case sub judice is factually similar to Young. In Young, the parties entered into a written contract for the sale of land, with the closing to occur no later than June 30, 1993. Although there was some discussion about extending the closing date, the parties did not enter into a written agreement modifying the closing date requirement.
 {¶ 11} In the case below, the original contract called for a closing date of January 1998, and there was no subsequent written agreement extending this date. Additionally, the Appellant admitted in deposition testimony that he did not try to enforce the closing of the transaction in January 1998, but *Page 7 
rather orally agreed to postpone it to some date in the future. As noted in Young, supra, at 461, "[i]t is a settled principle of contract law that, in the case of mutually dependant promises, neither party is obligated to perform or is in default until the promise of the other party is performed or the other party tenders performance." The record indicates that Ms. Webb's written promise to convey the property was contingent and mutually dependent upon the Appellant's promise to convey the purchase money by the closing date in January 1998. There is no evidence that the Appellant tendered or attempted to tender the purchase money to Ms. Webb within this period.
 {¶ 12} Because the time for performance of a written contract cannot be extended by subsequent oral agreement, and the Appellant made no attempt to tender consideration under the written contract by the closing date, we determine that the contract expired and, therefore, as a matter of law, is not enforceable. Accordingly, we overrule the Appellant's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment Only. *Page 1